IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JODY CARR, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 08-00440-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| J. HENRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Court previously conducted its initial review of Jody Carr's Petition for Writ of Habeas Corpus, noting that the Petition appeared to contain only unexhausted claims. (Docket No. 7, p. 2.) The Court requested Respondent's position on whether the case should be stayed pending the completion of Petitioner's state court post-conviction action. (Docket No. 7, p. 3.) Respondent contends that the Petition should be dismissed without prejudice because state court remedies have not yet been exhausted. (Docket No. 12.) The Court agrees.

### STANDARD OF LAW

To be eligible for habeas relief, a state prisoner must show that he is being held in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Before coming to federal court, however, the prisoner must first exhaust his state court remedies. *O'Sullivan v. Boerckel*, 526

**ORDER- 1**

U.S. 838, 842 (1999).  State court remedies have been properly exhausted when the prisoner has fairly presented all federal claims at each level of the state's appellate review process, giving the state courts a full opportunity to pass on and correct the alleged constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  In Idaho, this means that the prisoner must have at least raised the claims in the Idaho Supreme Court in a procedurally proper manner.

A federal court cannot grant relief on an unexhausted claim, though it retains the discretion to deny the claim if it is clearly without merit.  28 U.S.C. § 2254(b)(2).

## DISCUSSION

Petitioner raised only one issue during his direct appeal, arguing that his "sentence is excessive given any view of the facts."  (State's Lodging B-1, p. 1.)  This is solely a question of state law.  None of the federal constitutional claims that Petitioner has included in his Petition have yet been argued to the Idaho Supreme Court in a procedurally proper manner, but Petitioner still has a potential remedy available to him in his pending state post-conviction action.[1]

In limited circumstances, a federal court may stay a habeas case that contains a mixed petition–that is, one with both exhausted and unexhausted claims–in order

---

[1] The Court takes judicial notice that an appeal from the dismissal of Petitioner's post-conviction petition is pending in Idaho Supreme Court Case No. 35271.

**ORDER- 2**

"to allow the petitioner to present his unexhausted claims to the state court in the first instance." *Rhines v. Weber*, 544 U.S. 269, 271-72 (2005). However, "once a district court determines that a habeas petition contains only unexhausted claims ... it may simply dismiss the habeas petition for failure to exhaust." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Because the Petition in this case contains only unexhausted claims, the case shall be dismissed without prejudice to refiling upon completion of the pending state court post-conviction appeal. Petitioner is strongly encouraged to use the 28 U.S.C. § 2254 self-help packet for prisoners together with the accompanying fill-in-the-blank form, available in Idaho prisons, when he completes and files any new habeas corpus petition.[2]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion Requesting Leave of Court to File Motion Requesting Correction of Incorrect Statement (Docket No. 15) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion Requesting

---

[2] Petitioner is advised that habeas corpus petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). The one year usually begins to run at the conclusion of the direct appeal, and it will continue unabated until a state post-conviction or other collateral action is properly filed in state court, at which time the statute of limitations is then tolled (suspended) while that matter is pending in the state courts. 28 U.S.C. § 2244(d)(2). The clock begins to run again when no properly filed application for post-conviction or other collateral relief remains pending. In addition, the statute of limitations is *not* tolled for any of the time that a *federal* habeas petition has been pending.

**ORDER- 3**

Correction of Incorrect Statement (Docket No. 16) is DENIED. The Court's Initial Review Order is correct; Petitioner's argument as to the claim or claims that he wanted to raise on direct appeal is not the same as the claim that was actually raised.

    IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus (Docket No. 1) is DISMISSED without prejudice.

    IT IS FURTHER ORDERED that Petitioner's Motion Requesting Record be Expanded under Rule 7 (Docket No. 13) and Petitioner's Motion to Show Good Cause for Record to be Expanded under Rule 7 (Docket No. 14) are DISMISSED as MOOT.



DATED: **June 1, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge